NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**DAVID A. DOLINSKY,**
*Petitioner,*

v.

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2011-3140

---

Petition for review of the Merit Systems Protection Board in Case No. CH1221090173-M-1.

---

Decided: March 23, 2012

---

DAVID A. DOLINSKY, of Chicago, Illinois, pro se.

MICHAEL D. AUSTIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.

---

Before PROST, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

David A. Dolinsky appeals the final decision of the Merit Systems Protection Board ("Board") that denied his request for corrective action sought in his Individual Right of Action ("IRA") against the Department of Homeland Security ("DHS") under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8) (2000). *Dolinsky v. Dep't of Homeland Sec.*, No. CH1221090173-M-1, 116 M.S.P.R. 350 (M.S.P.B. Mar. 31, 2011) ("Second Final Order"). The Board found that while Mr. Dolinsky's disclosure was protected under the WPA, the WPA does not apply because the agency established that it would have taken the same or similar personnel actions absent the disclosure. Because we conclude that the Board's decision is supported by substantial evidence and is otherwise not contrary to law, we affirm.

I

BACKGROUND

Mr. Dolinsky is the Great Lakes Region Regional Emergency Coordinator for the General Services Administration ("GSA") in Chicago, Illinois. Prior to holding this position, Mr. Dolinsky worked for the Federal Emergency Management Agency (referred to herein as "the agency" or "FEMA"), directing the Continuity of Operations program.

In 2005, Mr. Dolinsky worked with Robert Thibeault, a GSA appointee. On November 6, 2006, Mr. Dolinsky reported to his supervisor, Michael Gelbert, GSA Deputy Regional Administrator, that Mr. Thibeault had disclosed to persons without appropriate clearance government

classified information regarding a 2005 emergency exercise. Mr. Dolinsky informed Mr. Gelbert that if he did not act on the disclosure regarding Mr. Thibeault's activities, Mr. Dolinsky would disclose the activity to the agency's Inspector General.

While employed at FEMA, Mr. Dolinsky created during off-duty hours a personal website that provided information about government agency responses to a pandemic influenza outbreak. Both FEMA and GSA used the materials to prepare such a response plan. On October 5, 2006, Rex Wamsley, FEMA Plans Division Director, wrote an email to members of his team and individuals outside of FEMA stating that he had received a call from James Duncan, Region V Director of National Preparedness DHS/FEMA Division, who was Mr. Dolinsky's direct supervisor. Mr. Wamsley stated in the email that it was his sense that Mr. Dolinsky had created the website materials as part of his FEMA duties. He further wrote that according to Mr. Duncan, Mr. Dolinsky had copyrighted the name "Steadfast Response" and was advertising the materials on his personal website. GSA eventually determined that the Steadfast Response program belonged to Mr. Dolinsky and was not created as part of his FEMA duties.

Faye Wilkes, a GSA Office of Emergency Response and Recovery Training and Exercise Division Leader, stated that during a conference call with Messrs. Wamsley and Duncan, Mr. Wamsley reported that the website was Mr. Dolinsky's property and that government attorneys had determined that there was no copyright problem. According to Ms. Wilkes, "Mr. Duncan had made it sound as if [Mr. Dolinsky had] worked on the site's materials when he was at FEMA. I don't know the reason, but Mr. Duncan seemed to have ill will,

resentment and hostility toward [Mr. Dolinsky]." Wilkes Aff. ¶ 5.

Mr. Dolinsky filed a complaint with the agency's Inspector General the following month in which he made two disclosures: that Mr. Wamsley's email regarding the website constituted defamation, and that Mr. Thibeault had illegally disclosed classified information. As discussed further below, Mr. Dolinsky's disclosure regarding Mr. Thibeault's alleged actions was found to be protected under the WPA while Mr. Dolinsky's disclosure regarding Mr. Wamsley's email was found not to be protected under the WPA.

In August 2007, Mr. Dolinsky applied for two FEMA positions: (1) Supervisory Emergency Management Program Specialist ("SEMPS"); and (2) Preparedness Analysis and Planning Officer ("PAPO"). Mr. Dolinsky submitted application materials and interviewed for both positions. Sometime after the interviews, the agency canceled its original PAPO vacancy announcement and later re-announced the vacancy. Janet Odeshoo, a FEMA Region Deputy Regional Administrator, stated that Mr. Buikema informed her that the first PAPO vacancy announcement was canceled because there were no acceptable candidates. The agency eventually hired Thomas Mefferd for the SEMPS position and Vince Parisi for the PAPO position.

Mr. Dolinsky filed a request for corrective action with the Office of Special Counsel on January 12, 2007. The Office of Special Counsel denied his request, and Mr. Dolinsky filed an appeal with the Board on November 28, 2008 in which he argued that he was not selected for the SEMPS and PAPO positions in retaliation for his whistle-

blowing disclosures concerning the defamatory email and the Thibeault disclosure.

In a March 24, 2009 initial decision, an administrative judge denied Mr. Dolinsky's request for corrective action. The administrative judge found that although both disclosures were non-frivolous allegations of whistleblowing, neither disclosure constituted a whistleblowing disclosure. On August 7, 2009, the Board issued its decision and upheld the administrative judge's decision. Mr. Dolinsky appealed the Board's decision to this court. This court in part affirmed the Board, but remanded to the Board for further proceedings solely concerning the Thibeault disclosure.

On remand, the administrative judge determined that the Thibeault disclosure was WPA protected and was a contributing factor in the GSA rejecting Mr. Dolinsky for the two positions and for GSA's temporary cancelation of the PAPO vacancy announcement. The administrative judge determined, however, that the agency would have taken the same personnel actions in the absence of the disclosure. On March 31, 2011, the Board upheld the determination of the administrative judge and denied Mr. Dolinsky's petition for review. On April 27, 2011, Mr. Dolinsky timely appealed the Board's Final Decision to this court.

This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

## MR. DOLINSKY'S APPEAL

Mr. Dolinsky appeals the Board's finding that the agency would have taken the same personnel actions absent his protected disclosure.  The sole issue on appeal is the Board's decision that the agency would have taken the same personnel actions absent the protected disclosure.

## A

## STANDARD OF REVIEW

This court's review of decisions by the Board in whistleblower cases is limited.  In sum, we may only set aside the Board's decision if it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2006); *see also Dickey v. Office of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005).

## B

## DISCUSSION

The WPA protects a government employee from retaliation when the employee has made a disclosure which the employee "reasonably believes evidences -- a violation of any law, rule or regulation; or gross mismanagement, gross waste of funds, abuse of authority, or substantial and specific danger to public health or safety."  5 U.S.C. § 2302(b)(8).  The WPA does not apply

when the agency would have taken the same action in the absence of a protected disclosure. *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

The Board examines whether clear and convincing evidence supports a finding that an agency would have taken the same personnel action in the absence of the protected disclosure. *Id.* The Board examines three factors in its review of an administrative judge's fact-finding. *See Smith v. Dep't. of Agric.*, 64 M.S.P.R. 46, 66 (M.S.P.B. 1994). First, the Board determines the strength of the agency's evidence in support of the personnel action. *Carr*, 185 F.3d at 1323. Second, the Board considers the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision. *Id.* And third, the Board considers whether the agency has taken similar actions against employees who are not whistleblowers, but who are otherwise similarly situated. *Id.* We address each of the three factors in turn.

First, Mr. Dolinsky argues that the actions taken by the agency are not supported by clear and convincing evidence, a standard that requires a "detailed explanation as to why the agency selected other applicants" or "evidence of the selection procedure that it followed in filling the positions or that would explain why the appellant was not considered the top applicant for them." *See Schnell v. Dept. of Army*, 114 M.S.P.R. 83, 94 (M.S.P.B. 2010). Mr. Dolinsky asserts three specific personnel actions taken by the agency: hiring Mr. Mefferd for the SEMPS position; hiring Mr. Parisi for the PAPO position; and cancellation of the first posting for the PAPO position.

As to the first personnel action, Mr. Dolinsky asserts that the administrative judge committed error when he did not review Mr. Mefferd's resume to determine whether Mr. Mefferd had the "extensive state and local experience" that the agency required. Further, Mr. Dolinsky argues that his own resume shows that he had experience with both local and state entities.

The government contends that testimony from selecting official Mr. Buikema and interviewer Ms. Odeshoo, and an affidavit submitted by Mr. Duncan constitute clear and convincing evidence that Mr. Mefferd was objectively the better candidate. Ms. Odeshoo testified that "we were also looking for someone that had extensive grant coordination experience. And again, we wanted someone who had the state and local perspective for this position. We had enough people at the Federal perspective." Mr. Buikema testified that Mr. Mefferd "gave a very strong interview," that he had "great communication skills," and that he had an "extensive background in training and education exercises" in desired "jurisdictions or communities." Mr. Duncan provided in his affidavit that Mr. Mefferd served as a county emergency management director of a major urban county.

Regarding the second personnel action, Mr. Dolinsky argues that he had similar skills to Mr. Parisi. In addition, Mr. Dolinsky states that his veteran's preference should have increased his score such that Mr. Parisi could not objectively have achieved a higher score. The government counters that Mr. Parisi was the better candidate, that Mr. Parisi had a better interview than Mr. Dolinsky, and that Mr. Parisi's "vision" for strengthening the region impressed the decision makers. Additionally, Ms. Odeshoo testified that Mr. Parisi was the most quali-

fied for the position. Mr. Duncan's affidavit stated that Mr. Parisi "clearly demonstrated his knowledge of the Homeland Security Grant Program, superior experience in developing exercises and a proactive vision of what he wanted to accomplish in the position." Duncan Aff. ¶ 8 (July 29, 2010).

Addressing the third personnel action, Mr. Dolinsky contends that the agency had no legitimate business purpose in canceling the first vacancy posting for the PAPO position. Mr. Dolinsky states that the first PAPO posting never mentioned grants management, a criterion that appeared in the subsequent announcement. The record shows, however, that witnesses repeatedly stated that such experience was crucial. In the second initial decision, the administrative judge relied on Mr. Duncan's and Mr. Buikema's statements that the agency reposted the announcement in order to get a "better pool" of candidates and determined that the agency had a legitimate business purpose for cancelling the announcement. The Board reviewed the record and the findings of the administrative judge and determined that the personnel actions taken by the agency were supported by clear and convincing evidence.

Next, we consider motive to retaliate on the part of agency officials involved in the personnel actions. Mr. Dolinsky focuses on Mr. Duncan to argue that the agency failed to show it did not have motive to retaliate. Mr. Dolinsky argues that while Mr. Duncan was not a final decision maker in any of the personnel decisions, Mr. Duncan had significant input in the selection process as the manager of the division. Mr. Dolinsky contends that his disclosure about Mr. Wamsley's defamatory email exposed Mr. Duncan to potential liability and thereby gave motive to retaliate: "[H]e's not a disinterested party

in this case. This case essentially could end up in his being disciplined." As a result, Mr. Dolinsky asserts that Mr. Duncan's statements are retaliatory, self-serving, and untrustworthy.

The government contends that there was no retaliatory motive because none of the members of the interview panels or the selecting official had motive toward Mr. Dolinsky. The government correctly argues that this court may only consider the Thibeault disclosure and may not consider any statements related to the email disclosure because the email disclosure is not before this court.

The record reflects that although Mr. Duncan was aware of the Thibeault disclosure, Mr. Duncan stated in his affidavit that he did not advise any of the panel interview members or the selecting official about the Thibeault disclosure. Mr. Buikema, who was a selecting official for both positions, had no knowledge of the Thibeault disclosure. James Opoka, a FEMA Deputy Federal Preparedness Coordinator who served on an interview panel for the PAPO position, also stated that he was unaware of the Thibeault disclosure. Further, the government asserts that Mr. Duncan was unaware about the protected Thibeault disclosure until after the PAPO solicitation was cancelled, a circumstance that makes clear that the agency would have taken the same action absent the disclosure.

The Board determined that "[w]hile it is possible that [Mr.] Duncan may have harbored some ill feeling toward the appellant in connection with a controversy concerning the appellant's personal website, we find no evidence of any animus as the result of [Mr.] Duncan's knowledge of the appellant's allegation that [Mr.] Thibeault had

revealed classified information." *Second Final Order* at
*5. The Board concluded that animus resulting from the
website disclosure was not related to the protected
Thibeault disclosure and that Mr. Duncan had no motive
to retaliate for Mr. Dolinsky's protected disclosure under
the WPA.

We next turn to whether the agency has taken similar
actions toward similarly situated employees that are not
whistleblowers. Mr. Dolinsky argues that the agency
provided no evidence that it has acted similarly toward
non-whistleblower employees who are similarly situated
to him. In particular, he asserts that the hiring of Mr.
Parisi rebuts any proof offered by the agency given that
Mr. Parisi failed to qualify for the original announcement
when the impartial team at OPM scored his application.
The government states that the agency interviewed other
candidates who had similar qualifications to Mr.
Dolinsky. The government argues that Mr. Dolinsky was
similarly situated with other candidates who were not
whistleblowers and who were not hired. The Board found
the government's arguments persuasive. The Board
explained that the third factor "has much less relevance
where the contested action is a nonselection, as it would
be highly unlikely that the selectee would also have made
protected disclosures." *Second Final Order* at *4n.2.

CONCLUSION

We find that the Board's determination that the
agency would have taken the same or similar personnel
action absent a disclosure to be supported by substantial
evidence and otherwise not contrary to law and, as such,
we affirm the decision of the Board.

***AFFIRMED***

## Costs

Each party shall bear its own costs.